718 S.E.2d 442

**In the Matter of Howard HAMMER, Respondent.**

No. 27070.

Supreme Court of South Carolina.

Heard Nov. 2, 2011.
Decided Nov. 28, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Thomas H. Pope, III, of Pope & Hudgens, PA, of Newberry, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an

Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to any sanction ranging from an admonition to a definite suspension not to exceed six (6) months. Respondent requests any suspension be imposed retroactively to June 12, 2008, the date of his interim suspension. *In the Matter of Hammer*, 378 S.C. 413, 663 S.E.2d 37 (2008). In addition, respondent agrees to complete the Ethics School portion of the Legal Ethics and Practice Program within one (1) year of the date of his reinstatement to the practice of law and, further, to any terms of psychological counseling the Court might deem appropriate.

We accept the Agreement and impose a six (6) month suspension from the practice of law. As explained hereafter, we decline to impose the suspension retroactively to the date of respondent's interim suspension. In addition, respondent shall complete the Ethics School portion of the Legal Ethics and Practice Program within one (1) year of the date of his reinstatement to the practice of law. Finally, respondent shall continue psychological counseling for two (2) years; his counselor shall file quarterly reports addressing his progress with the Commission on Lawyer Conduct (the Commission); and, an Investigative Panel of the Commission may extend the counseling requirement at the conclusion of the two (2) year period if it deems it necessary. The facts, as set forth in the Agreement and as admitted in argument, are as follows.

## FACTS

### Matter I

In 2005, respondent and his wife separated and, in 2007, became involved in a contentious divorce. Between July 2007 and February 2008, respondent was charged with criminal domestic violence, two counts of trespassing, second degree burglary, stalking, and simple assault. As a result of these arrests, respondent was placed on interim suspension. *Id.* The criminal charges involved matters with respondent's former wife and former sister-in-law.

All charges against respondent were later dismissed with prejudice and the solicitor issued a letter stating that, after thorough and complete investigation, he believed that the

matters did not rise to the level of criminal wrongdoing and that all of the matters should be dealt with by the Family Court.

Respondent denies he committed any crimes as alleged by his former wife and former sister-in-law. However, he admits he could have used better judgment.

## Matter II

In 2010, after the criminal charges were dismissed, respondent filed a *pro se* action against the City of Columbia alleging false arrest. In the course of representing himself in the matter, respondent subpoenaed Witness A, a former neighbor and long-time friend of both he and his former wife, to give a deposition. Witness A was not a witness to any of the matters out of which the criminal charges against respondent arose; however, Witness A had provided an affidavit in support of respondent's former wife during the divorce proceeding. Respondent also subpoenaed two other former neighbors who had supported his former wife during the divorce proceedings. Respondent admits he subpoenaed the three witnesses to take their depositions as he believed that they might have information regarding the allegations of criminal wrongdoings made by his former wife.[1] Respondent fails to explain why the testimony of any of these witnesses was pertinent to his suit against the City.

Over the course of two days, respondent deposed Witness A for over five hours, including breaks. Respondent admits he asked improper questions during the deposition. He further admits that there were times when he talked over the deponent and there were instances where he did not let Witness A finish his answer.

In addition, respondent admits he asked a number of improper questions of Witness A. In particular, he asked Witness A about his sexual orientation and whether he had been tested for HIV. He also asked Witness A whether he had Alzheimer's Disease when the witness' recollection was incomplete. Respondent admits the question should not have been asked in this fashion.

---

1. Respondent did not depose the two other witnesses.

Respondent regrets and apologizes for his questions during the deposition. He submits that the stress of his divorce and of deposing a former friend who had sided with his former wife in their divorce caused his emotions to get the better of him.

Respondent has since signed a Settlement Agreement and Release and Stipulation of Dismissal concluding the matter against the City of Columbia and its police department.

## LAW

Respondent admits that his misconduct constitutes grounds for discipline under Rule 413, RLDE, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(5)(it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken to practice law in this state) In addition, respondent admits he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 4.4(a) (in representing client, lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden third person, or use methods of obtaining evidence that violate the legal rights of person), Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct), and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).

## CONCLUSION

We accept the Agreement for Discipline by Consent and impose a six (6) month definite suspension from the practice of law. We decline to impose the suspension retroactively, primarily because of respondent's deposition misconduct which occurred while he was on interim suspension. Further, respondent shall complete the Ethics School portion of the Legal Ethics and Practice Program within one (1) year of the date of his reinstatement to the practice of law.

■ Although we accept the Agreement, the Court is deeply concerned about respondent's emotional state and his ability to execute sound judgment. As evidenced by the facts presented in the Agreement and respondent's testimony during oral argument, respondent is obsessed with regaining his reputation in the community and with his ex-wife from whom he has been separated and/or divorced for approximately six years. Further, during argument, he initially refused to accept any responsibility with regard to the instances which led to his several arrests and, instead, characterized himself as the victim in each of the situations. Consequently, we order respondent to continue psychological counseling for two (2) years, require respondent's counselor to file quarterly reports addressing respondent's progress with the Commission, and authorize the Investigative Panel of the Commission to extend the counseling requirement at the conclusion of the two (2) year period if it deems it necessary.

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice JAMES E. MOORE, concur.